```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

HOWARD UNIVERSITY                   :

                                                          :

   v.                               : Civil Action No. DKC 2006-2076

                                                          :

BELINDA LIGHTFOOT WATKINS            :

**ORDER**

     For the reasons stated in the foregoing Memorandum Opinion, it is this 12th day of March, 2007, by the United States District Court for the District of Maryland, ORDERED that:

     1. The motion of Defendant to transfer this case to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a) (paper 7) BE, and the same hereby IS, GRANTED;

     2.  All other aspects of the motion to dismiss or for summary judgment remain for resolution in the transferee district;

     3. This case BE, and the same hereby IS, TRANSFERRED to the United States District Court for the District of Columbia; and

     4. The clerk will take all necessary steps to effectuate the transfer promptly, transmit copies of the Memorandum Opinion and this Order to counsel for the parties, and CLOSE this case.

                                                              _____/s/_____
                                                              DEBORAH K. CHASANOW
                                                              United States District Judge

CLOSED

# U.S. District Court
## District of Maryland (Greenbelt)
### CIVIL DOCKET FOR CASE #: 8:06-cv-02076-DKC

| | |
|---|---|
| Howard University v. Watkins | Date Filed: 08/10/2006 |
| Assigned to: Judge Deborah K. Chasanow | Date Terminated: 03/12/2007 |
| Demand: $253,000 | Jury Demand: None |
| Cause: 28:1331 Federal Question: Other Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Howard University**  represented by  **Jennifer Erin Keyser**
Ballard Spahr Andrews and Ingersoll LLP
300 E Lombard St 18th Fl
Baltimore, MD 21202
14105285687
Fax: 14103618903
Email: keyserj@ballardspahr.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy F McCormack**
Ballard Spahr Andrews and Ingersoll LLP
300 E Lombard St 18th Fl
Baltimore, MD 21202-3268
14105285600
Fax: 14103618901
Email: mccormackt@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

| **Belinda Lightfoot Watkins** | represented by | **Stephen Z Chertkof** Heller Huron Chertkof Lerner Simon and Salzman PLLC 1730 M St NW Ste 412 Washington, DC 20036-4517 12022938090 Fax: 12022937110 Email: szc@hellerhuron.com *ATTORNEY TO BE NOTICED* **Tammany Morgan Kramer** Heller Huron Chertkof Simon and Salzman 1730 M St NW Ste 412 Washington, DC 20036 12022938090 Fax: 12022937110 Email: tmk@hellerhuron.com *ATTORNEY TO BE NOTICED* |
|---|---|---|

| Date Filed | # | Docket Text |
|---|---|---|
| 08/10/2006 | 1 | COMPLAINT against Belinda Lightfoot Watkins ( Filing fee $ 350 receipt number 8463706451), filed by Howard University. (Attachments: # 1 Civil Cover Sheet)(elt, Deputy Clerk) (Entered: 08/11/2006) |
| 08/11/2006 | 2 | Summons Issued 20 days as to Belinda Lightfoot Watkins. (elt, Deputy Clerk) (Entered: 08/11/2006) |
| 08/22/2006 | 3 | AFFIDAVIT of Service for Complaint, Summons, and civil sheet served on Belinda Lightfoot Watkins on 08/17/06, filed by Howard University. (McCormack, Timothy) (Entered: 08/22/2006) |
| 09/06/2006 | 4 | MOTION for Extension of Time *to respond to Complaint* by Belinda Lightfoot Watkins. Responses due by 9/25/2006 (Chertkof, Stephen) (Entered: 09/06/2006) |
| 09/08/2006 | 5 | Memorandum re 4 MOTION for Extension of Time *to respond to Complaint in Opposition* filed by Howard University. (Attachments: # 1 Text of Proposed Order Proposed Order 1# 2 Text of Proposed Order Proposed Order 2)(McCormack, Timothy) (Entered: 09/08/2006) |

| | | |
|---|---|---|
| 09/11/2006 | 6 | ORDER GRANTING IN PART and DENYING IN PART 4 Motion to Extend Time to Respond to Complaint. Defendant's response to Plaintiff's complaint due 10/2/06 (c/m to Plaintiff 9/11/06 sat). Signed by Judge Deborah K. Chasanow on 9/11/06. (Chasanow, Deborah) (Entered: 09/11/2006) |
| 10/02/2006 | 7 | MOTION to Dismiss by Belinda Lightfoot Watkins. Responses due by 10/19/2006 (Attachments: # 1 Exhibit 1 (Goodwin's 2nd Amended Complaint)# 2 Exhibit 2 (Watkins' Motion To Dismiss Goodwin's Complaint)# 3 Exhibit 3 (Goodwin Docket Sheet)# 4 Exhibit 4 (Watkins Declaration)# 5 Exhibit 5 (Unpublished decision))(Chertkof, Stephen) (Entered: 10/02/2006) |
| 10/03/2006 | 8 | NOTICE by Belinda Lightfoot Watkins re 7 MOTION to Dismiss *CORRECTED ATTACHMENT 2* (Attachments: # 1 Exhibit 1 Corrected Version of Attachment 2 to Motion To Dismiss)(Chertkof, Stephen) (Entered: 10/03/2006) |
| 10/06/2006 | 9 | NOTICE of Appearance by Tammany Morgan Kramer on behalf of Belinda Lightfoot Watkins (Kramer, Tammany) (Entered: 10/06/2006) |
| 10/16/2006 | 10 | Consent MOTION for Extension of Time to File Response/Reply as to 7 MOTION to Dismiss *filed by Defendant* by Howard University. Responses due by 11/2/2006 (Attachments: # 1 Text of Proposed Order Proposed Order) (McCormack, Timothy) (Entered: 10/16/2006) |
| 10/16/2006 | 11 | PAPERLESS ORDER GRANTING 10 Consent Motion for Extension of Time. Plaintiff's response to 7 Motion to Dismiss due 10/26/06. Signed by Judge Deborah K. Chasanow on 10/16/06. (Chasanow, Deborah) (Entered: 10/16/2006) |
| 10/26/2006 | 12 | RESPONSE in Opposition re 7 MOTION to Dismiss filed by Howard University.Replies due by 11/9/2006. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(McCormack, Timothy) (Entered: 10/26/2006) |
| 11/06/2006 | 13 | Consent MOTION for Extension of Time to File Response/Reply as to 12 Response in Opposition to Motion *to Dismiss* by Belinda Lightfoot Watkins. Responses due by 11/27/2006 (Chertkof, Stephen) (Entered: 11/06/2006) |
| 11/07/2006 | 14 | PAPERLESS ORDER GRANTING 13 Consent Motion for Extension of Time. Defendant's reply to 7 Motion to Dismiss |

| | | |
|---|---|---|
| | | due 11/10/06. Signed by Judge Deborah K. Chasanow on 11/7/06. (Chasanow, Deborah) (Entered: 11/07/2006) |
| 11/13/2006 | 15 | Second MOTION for Extension of Time to File Response/Reply as to [14] Order on Motion for Extension of Time to File Response/Reply, 12 Response in Opposition to Motion *to Dismiss* by Belinda Lightfoot Watkins. Responses due by 11/30/2006 (Chertkof, Stephen) (Entered: 11/13/2006) |
| 11/14/2006 | 16 | REPLY to Response to Motion re 7 MOTION to Dismiss filed by Belinda Lightfoot Watkins. (Attachments: # 1 Exhibit 6 (HU Answer to Goodwin Complaint)# 2 Exhibit 7 (Watkins Suppl. Decl.)# 3 Exhibit 8 (HU Motion to Extend Time To Answer Goodwin Compl.)# 4 Exhibit 9 (Goodwin EEOC Charge)# 5 Exhibit 10 (Stipulation of Dismissal of Goodwin Case)# 6 Exhibit 11 (Unpublished case -- Contee v. Giant Food))(Chertkof, Stephen) (Entered: 11/14/2006) |
| 11/14/2006 | 17 | PAPERLESS ORDER GRANTING 15 Motion for Extension of Time and ACCEPTING Defendant's reply as filed on 11/14/06. Signed by Judge Deborah K. Chasanow on 11/14/06. (Chasanow, Deborah) (Entered: 11/14/2006) |
| 03/12/2007 | 18 | MEMORANDUM OPINION. Signed by Judge Deborah K. Chasanow on 3/12/07. (Chasanow, Deborah) (Entered: 03/12/2007) |
| 03/12/2007 | 19 | ORDER GRANTING 7 Motion to Transfer (all other aspects of the motion to dsimiss or for summary judgment remain for resolution) and DIRECTING the Clerk of Court to TRANSFER this case to the United States District Court for the District of Columbia. Signed by Judge Deborah K. Chasanow on 3/12/07. (Chasanow, Deborah) (Entered: 03/12/2007) |
| 03/12/2007 | 20 | Correspondence: Transfer Letter to U.S. District Court for the District of Columbia. (Attachments: # 1 Certified Order and Docket Sheet)(ch, Deputy Clerk) (Entered: 03/12/2007) |

| | |
|---|---|
| **PACER Service Center** | |
| **Transaction Receipt** | |
| 08/07/2007 10:35:38 | |

| PACER Login: | us3871 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 8:06-cv-02076-DKC |
| Billable Pages: | 2 | Cost: | 0.16 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| HOWARD UNIVERSITY<br>2400 Sixth Street, NW<br>Washington, DC 20059<br><br>        Plaintiff,<br><br>v.<br><br>BELINDA LIGHTFOOT WATKINS<br>6224 Cheverly Park Drive<br>Cheverly, Maryland 20785<br><br>        Defendant. | *<br>*<br>*<br>*<br>*  Civil Action No.:<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Howard University ("Plaintiff" or the "University"), by its undersigned attorneys, sues Defendant Belinda Lightfoot Watkins ("Watkins") and, in support thereof, says:

### Parties

1. Plaintiff is an institution of higher education located in the District of Columbia and chartered by an act of the Thirty-Ninth Congress of the United States in 1867.

2. Defendant Watkins is an individual and a citizen of the State of Maryland residing at 6224 Cheverly Park Drive, Cheverly, Maryland 20785.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, because it is a dispute between citizens of different states and the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

- 2 -

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the defendant resides within this judicial district.

**Background**

5. From March 8, 1976, until July 20, 2006, Defendant Watkins was employed by Plaintiff Howard University in a variety of positions. As of June 1998, Defendant Watkins was the University's Director of Student Activities.

6. In June 1998, Defendant Watkins was named Acting Dean for Student Life and Activities. As Acting Dean for Student Life and Activities, Defendant Watkins directly and indirectly supervised numerous employees of the University.

7. Howard University does not discriminate on the basis of race, color, national or ethnic origin, sex, marital status, religion, handicap, age, sexual preference, political affiliation, or any other basis prohibited by federal or local law in matters of employment, administration of educational policies, admissions policies, scholarship and loan programs, and all other university administered programs.

8. The University's non-discrimination policy is widely disseminated within the University.

9. Defendant Watkins was aware of the University's non-discrimination policy and of her obligation to abide by that policy in the performance of her duties, including the supervision of other employees.

10. On June 6, 1998, in order to reaffirm the University's policy to conduct itself with the highest degree of integrity and honesty in all of its dealings, the Board of Trustees of Howard University adopted a Code of Ethics and Conduct.

11. The Code of Ethics and Conduct provides, with regard to employment practices, that "[n]o member of the University Community shall engage in any practice that is a violation of Federal law, the law of the District of Columbia, or the law of any other local jurisdiction where the University may have employees."

12. The Code of Ethics and Conduct was widely disseminated within the University.

13. Defendant Watkins was aware of the Code of Ethics and Conduct and of her obligation to comply with the Code of Ethics and Conduct, federal law, and the law of the District of Columbia in the performance of her duties, including the supervision of other employees.

14. Among those persons whom Defendant Watkins directly supervised as Acting Dean of Student Life and Activities were Paulette Porter ("Porter"), an administrative assistant, and Daniel Goodwin ("Goodwin"), who was hired by the University in early August 1998 as Acting Assistant Dean of Students.

15. As Acting Assistant Dean of Students, Goodwin was employed by the University pursuant to a one-year contract that was subject to annual renewal.

16. On September 29, 1998, Goodwin suffered a stroke that resulted in a coma and hospitalization. During his hospitalization, Goodwin learned that he was infected with the Human Immunodeficiency Virus ("HIV"). During his stay at the hospital, Goodwin was housed in the infectious diseases ward.

17. During Goodwin's hospitalization, Porter frequently visited Goodwin..

18. Upon information and belief, Porter learned of Goodwin's HIV infection and advised Defendant Watkins of Goodwin's HIV infection.

19.     When Goodwin returned to work in February 1999, Porter and Watkins's treatment of him changed.

20.     Porter made statements that led students to believe that Goodwin suffered from Acquired Immune Deficiency Syndrome ("AIDS").  Porter made inappropriate, personal comments to students about Goodwin, including accusing Goodwin of having sexual relations with male students and comments about Goodwin's "medical condition."

21.     Porter also engaged in what can only be described as bizarre behavior meant to harass Goodwin, which suggested that Goodwin's HIV infection was easily communicable, by spraying telephones or other office furnishings with which Goodwin came in contact with disinfectant spray.

22.     Defendant Watkins was aware of Porter's harassment of Goodwin, but took no action to discipline Porter or bring an end to the harassment.  Instead, Defendant Watkins joined in Porter's mistreatment of Goodwin.

23.     Defendant Watkins also made statements which led students to believe that Goodwin suffered from AIDS.

24.     Defendant Watkins also made inappropriate personal comments to the students about Goodwin, including accusing Goodwin of having sexual relations with male students and comments about Goodwin's "medical condition."

25.     Defendant Watkins also referred to male students with whom Goodwin met in the exercise of his duties as Acting Assistant Dean of Students in derogatory terms which suggested that those male students were having sexual relations with Goodwin.

26. Defendant Watkins harassed and mistreated Goodwin either because he (i) suffered from a disability or because she perceived him to suffer from a disability in that he was infected with HIV; or (ii) because Defendant Watkins believed Goodwin to be homosexual.

27. Defendant Watkins' harassment and mistreatment of Goodwin violated the University's policy against employment discrimination on the basis of disability or sexual preference and violated federal and local anti-discrimination laws.

28. In addition to harassing Goodwin and creating a hostile work environment, Defendant Watkins refused Goodwin's request for a reasonable accommodation for his HIV infection.

29. Soon after Goodwin's return to work in February 1999, Goodwin began to experience side effects from the drugs he was taking to treat his HIV infection. As a result of those side effects, Goodwin frequently was unable to arrive at the office by the regularly scheduled start time. Goodwin compensated for lost time by staying past the office's regularly scheduled closing time.

30. On March 21, 2001, Defendant Watkins delivered a letter to Goodwin expressing concern about his late arrival. On March 22, 2001, Goodwin responded to Defendant Watkins' letter and, as an accommodation, requested that he be permitted to arrive at work after the office opened at 8:00 a.m., but work later into the evening. Goodwin urged that the requested accommodation was reasonable, *inter alia*¸ because much of his work involved interaction with students whose schedules mirrored Goodwin's requested schedule accommodation.

31. Defendant Watkins told Goodwin she "did not understand" his request and refused the requested accommodation. On information and belief, Goodwin urged Defendant

- 5 -

Watkins to telephone Goodwin's doctor and told her that his doctor could answer her questions about the requested accommodation. Defendant Watkins refused to telephone Goodwin's doctor.

32. Subsequently, over the following months, Defendant Watkins refused Goodwin's repeated requests for an accommodation in his daily schedule.

33. Defendant Watkins' superiors at the University were unaware of her harassment of Goodwin or her failure to provide Goodwin with the accommodation he requested.

34. In 2002, Watkins proposed to the University that Goodwin's annual contract as Acting Assistant Dean of Students not be renewed for what Defendant Watkins claimed was poor performance.

35. In connection with the review of Defendant Watkins' recommendation that the University not renew Goodwin's contract, representatives of both the University's Office of General Counsel and Office of Human Resources Management consulted with Defendant Watkins.

36. The representatives of the Office of General Counsel and Office of Human Resources Management expressly asked Defendant Watkins why she was recommending that the University not renew Goodwin's contract and whether Goodwin was a member of any class protected by federal or local anti-discrimination employment laws and whether there was any reason why federal or local employment laws be implicated in the decision to not renew Goodwin's contract.

37. Defendant Watkins advised the representatives of the University with whom she consulted regarding not renewing Goodwin's contract that she was having "behavior problems" involving Goodwin, including excessive socializing, disrespectful behavior directed at

- 7 -

her by Goodwin, Goodwin improperly describing himself as a Dean, and Goodwin telling members of the University community that Defendant Watkins had drinking problems.

38.     During these consultations, Defendant Watkins disclosed that Goodwin had been ill in 1998, but described the illness only as a stroke and stated he had recovered and returned to work

39.     Defendant Watkins did not, however, disclose that Goodwin was infected with HIV and had requested, but been denied, an accommodation as a result of the HIV infection. Defendant Watkins also did not disclose her or Porter's abusive behavior directed towards Goodwin.

40.     Defendant Watkins' true reason for recommending the University not renew Goodwin's contract was either her knowledge of Goodwin's HIV infection, or her belief that Goodwin was homosexual, or both. Watkins hid her true motivations for recommending that the University not renew Goodwin's contract because she knew those recommendations violated the University's policy against employment discrimination, its Code of Ethics and Conduct, federal law, and the law of the District of Columbia.

41.     The University approved Defendant Watkins' recommendation and Goodwin's contract was not renewed when it expired on June 30, 2002.

42.     Goodwin filed a claim before the U.S. Equal Employment Opportunity Commission ("EEOC") in the D.C. Office of Human Rights. On June 21, 2003, the EEOC issued a Determination which concluded, *inter alia*, that Defendant Watkins' decision to discharge Goodwin by not renewing his contract was in retaliation for his request for an accommodation.

43. Thereafter, the EEOC issued a Notice of Right to Sue and Goodwin filed a Complaint for Declaratory Judgment and Permanent Injunctive Relief and Damages against the University and Watkins on November 26, 2003. *Daniel Goodwin v. Howard University, et al*, United States District Court for the District of Columbia, Civil Action Number 1:03-CV-2447-RCL.

44. After Goodwin filed suit, the University investigated Goodwin's claims in the lawsuit and twice re-interviewed Defendant Watkins. It soon became clear to all who participated in the investigation of Goodwin's allegations, that Defendant Watkins had prior knowledge of the facts, including but not necessarily limited to, the extent and nature of Goodwin's illness, and the fact that Defendant Watkins and Porter had engaged in unlawful harassment of Goodwin. It also became apparent that Defendant Watkins believed Goodwin to be homosexual and believed certain of the students with whom Goodwin met in the exercise of his duties as Acting Dean of Students were homosexual.

45. The University would not have approved the non-renewal of Goodwin's contract had it been aware of the true facts.

46. On or about September 19, 2005, the University discharged Goodwin's claim against Defendant Watkins and University by paying to Goodwin the aggregate sum of Two Hundred Fifty-Three Thousand Dollars ($253,000.00), representing damages to Goodwin in the amount of Two Hundred Eighteen Thousand Dollars ($218,000.00), plus attorneys fees of Thirty-Five Thousand Dollars ($35,000.00).

47. Upon the payment to Goodwin, the University obtained an express release of Goodwin's claim against Defendant Watkins.

## COUNT ONE
### (Indemnity)

48.     The allegations contained in paragraphs 1 through 47 above are incorporated by reference as if fully set forth herein.

49.     The University's liability to Goodwin was the result of either (i) University's vicarious liability for the actions of Defendant Watkins or (ii) Defendant Watkins' negligent and intentional misrepresentations of the facts concerning Goodwin's employment and the decision that the University should not renew Goodwin's contract.

50.     By its settlement payment to Goodwin, the University discharged all of Defendant Watkins' liability to Goodwin.

51.     The University is entitled to indemnification from Defendant Watkins either on the basis of an implied contract of indemnity or under principals of equity.

## COUNT II
### (Misrepresentation - Concealment or Non-Disclosure)

52.     The allegations contained in paragraphs 1 through 47 above are incorporated by reference as if fully set forth herein.

53.     Defendant Watkins had a duty to disclose to representatives of the University all facts material to the decision whether to renew Goodwin's contract.

54.     Defendant Watkins failed to disclose facts material to the University's decision concerning the renewal of Goodwin's contract, including that she knew Goodwin was infected with HIV and had requested, but been denied, an accommodation as a result of the HIV infection. She further had a duty to disclose to the University her and Porter's abusive behavior towards Goodwin.

DMEAST #9575745 v1

55. Defendant Watkins knew that the University would act in a different manner if it knew the facts regarding Goodwin's illness and request for accommodation and Defendant Watkins and Porter's treatment of Goodwin.

56. The University acted in justifiable reliable upon Defendant Watkins' failure to disclose the material facts concerning Goodwin's illness, his request for accommodation, and Defendant Watkins and Porter's treatment of Goodwin.

57. The University suffered damages as a result of Defendant Watkins' concealment in that it was forced to pay to Goodwin the aggregate sum of Two Hundred Fifty-Three Thousand Dollars ($253,000.00).

## COUNT III
### (Constructive Fraud)

58. The allegations contained in paragraphs 1 through 47 above are incorporated by reference as if fully set forth herein.

59. As the Acting Dean of Student Life and Activities, Defendant Watkins' relationship with the University was one of trust and confidence which gave rise to a duty to disclose to the appropriate representatives of the University, including representatives of the Office of Human Resources Management and the Office of General Counsel, the fact that she knew Goodwin was infected with HIV; that Goodwin had requested, but been refused, an accommodation for his HIV infection, and that she and Porter had mistreated Goodwin because of his HIV infection and their belief that he was homosexual.

60. Defendant Watkins breached that duty by failing to disclose those facts to the appropriate representatives of the University including representatives of the Office of Human Resources Management and the Office of General Counsel, and by telling those

representatives that she didn't wish to renew Goodwin's contract only because of "behavior problems."

61. By failing to disclose the facts concerning Goodwin's medical condition and Defendant Watkins and Porter's mistreatment of Goodwin, Defendant Watkins deceived the University and violated the confidence the University had placed in her.

62. The University was damaged to the extent it was forced to pay Goodwin the aggregate sum of Two Hundred Fifty-Three Thousand Dollars ($253,000.00) in settlement of his claims against the University and Defendant Watkins.

## COUNT IV
### (Negligent Misrepresentation)

63. The allegations contained in paragraphs 1 through 47 above are incorporated by reference as if fully set forth herein.

64. Defendant Watkins (i) negligently advised representatives of the University's Office of General Counsel and Office of Human Resources Management that the only illness from which Goodwin had suffered was a stroke in 1998, and that he had recovered and returned to work and (ii) negligently failed to disclose to the University the fact that Goodwin was infected with HIV and had requested, but been denied, an accommodation as a result of the HIV infection.

65. Defendant Watkins intended for the University to act or rely upon her negligent assertions in deciding whether to renew Goodwin's contract.

66. Defendant Watkins knew that the University would probably rely upon her negligent assertions and statements which, if erroneous, would cause damage to the University.

- 12 -

67. The University justifiably relied on Defendant Watkins' negligent asserts and statements in deciding whether to renew Goodwin's contract.

68. The University reliance on Defendant Watkins' negligent statements caused damages to the University in that it was required to pay to Goodwin the aggregate sum of Two Hundred Fifty-Three Thousand Dollars ($253,000.00) to settle his claims against the University and Defendant Watkins.

WHEREFORE, Plaintiff Howard University prays for judgment in favor of Plaintiff Howard University and against Defendant Belinda Lightfoot Watkins in the amount of Two Hundred Fifty-Three Thousand Dollars ($253,000.00), plus attorney's fees and costs.

      Respectfully submitted,

      _____/s/_____

      Timothy F. McCormack
      Bar No.: 03565
      Jennifer E. Keyser
      Bar No.: 26559

      BALLARD SPAHR ANDREWS & INGERSOLL, LLP
      18th Floor
      300 East Lombard Street
      Baltimore, MD  21202
      (410) 528-5600
      Facsimile: (410) 528-5650
      email:   mccormackt@ballardspahr.com
                 keyserj@ballardspahr.com

      Attorneys for Plaintiff

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

DKC 06 CV 2076

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Howard University, 2400 Sixth Street, Washington, DC 20059

**DEFENDANTS**
Belinda Lightfoot Watkins
6224 Cheverly Drive, Cheverly, MD 20785

(b) County of Residence of First Listed Plaintiff: **District of Columbia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Prince George's County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Timothy F. McCormack, Ballard Spahr Andrews & Ingersoll, LLP
300 E. Lombard Street, 18th Floor, Baltimore, MD 21202 (410) 528-5600

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
Action for damages for indemnification and intentional and negligent misrepresentation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 253,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/09/2006
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____